IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | 8:09CR177 |
| V. | ) ) | MEMORANDUM AND ORDER |
| MATTHEW H. ANSELMO, | ) ) | |
| Defendant. | ) ) | |

This matter is before the court on the defendant's motion to vacate under 28 U.S.C. § 2255. Filing No. 75. The court ordered the government to answer, Filing No. 76, and the government has answered, Filing No. 77. The defendant entered a plea of guilty to a charge of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2.[1] Filing Nos. 34 and 35. The court sentenced defendant to 48 months of imprisonment. Filing No. 58. The Eighth Circuit Court of Appeals affirmed his sentence on appeal. Filing No. 70. In his § 2255 motion, the defendant alleges that he received ineffective assistance of counsel for failure to call witnesses, subpoena certain individuals and documents, make reasonable investigations, and keep the defendant informed of important developments in the course of prosecution. Filing No. 75.

## STANDARD OF REVIEW

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington*, 466 U.S. 668 (1984). In other words, the defendant has the burden of proving: 1) deficient performance on behalf of counsel, demonstrated

---

[1] Defendant was charged in a 27-count indictment of wire fraud, aiding and abetting, mail fraud, money laundering, and uttering a counterfeit security. Filing No. 1.

by his attorney's performance "below the minimum standards of professional competence"; and 2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently." *Alaniz v. United States*, 351 F.3d 365, 367 (8th Cir. 2003) (citing *Strickland*, 466 U.S. at 690). A reasonable probability is one "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. To establish deficient performance on behalf of counsel, the defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 669. Furthermore, "[w]hile a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) *(citing Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)).

## DISCUSSION

In his § 2255 petition, defendant argues that counsel failed to call a number of witnesses regarding the victim impact statements and restitution and failed to subpoena documents regarding the same. In addition, defendant argues that had counsel called Christopher Circo as a witness, Circo would have established the value of Premier Fighter, as Circo made an offer to buy the business when the assets were turned over to Michael Blumenthal and Frank Vicari.

Defendant entered his plea to Count XVI, and as part of the plea agreement, the government submitted the loss for guideline purposes as $3,996,000. Filing No. 34. Defendant reserved the right to contest these victims and the amounts at sentencing. The

2

finding in the Probation Sentencing Report (PSR) indicated that defendant should be held responsible for $3,996,500. Defense counsel filed an objection to the PSR, arguing that there were not more than ten victims and the loss amount was incorrect. The court held evidentiary hearings on January 21, and March 4, 2010. The government called Postal Inspector Paul Beekhuizen, Frank Vicari, and Michael Blumenthal to testify. Counsel for the defendant conducted an intense cross-examination of each witness. The evidence from Vicari and Blumenthal was that Circo would have paid about $200,000 for Premier Fighter. At the sentencing hearing, the court denied defendant's objections to the number of victims and sustained in part the objection to restitution, finding defendant owed $3,712,500.

Defendant then appealed to the Eighth Circuit, arguing this court erred in attributing $3,712,500 in restitution to him. *United States v. Anselmo*, 389 Fed. Appx. 572 (8th Cir. 2010). The Eighth Circuit affirmed this finding.

The court finds the defendant cannot bring his restitution claim in a § 2255 action. The Eighth Circuit has stated:

> We believe the plain and unambiguous language of the statue "[ a] prisoner in custody . . . claiming the right to be released"—precludes a restitution challenge. We join a majority of circuits in holding that a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody.

*United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003) (listing cases in agreement). The court is bound by this holding. *See also United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994) ("monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement for § 2255 purposes."; and "A convicted defendant who receives an allegedly

3

erroneous fine because of constitutionally inadequate assistance of counsel cannot seek post-conviction relief under [section] 2255," *id*.); *see also Kaminski v. United States*, 339 F.3d 84, 87 (2d Cir. 2003) (a § 2255 motion "may not be used to bring collateral challenges addressed solely to noncustodial punishments" as § 2255 requires a challenge to custody); *but see Weinberger v. United States*, 268 F.3d 346, 351-52 n.1 (6th Cir. 2001) (finding defendant can raise a § 2255 claim with regard to restitution). Accordingly, the defendant is unable to show that counsel was ineffective or that any prejudice resulted relating to his custody, as this is a claim regarding restitution. Therefore, the court denies defendant's motion for § 2255 relief.

THEREFORE, IT IS ORDERED:

1. Defendant's motion for relief pursuant to 28 U.S.C. § 2255, Filing No. 75, is denied.

2. A separate judgment will be entered in conjunction with this Memorandum and Order.

DATED this 13th day of February, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge